1

2

3                             UNITED STATES DISTRICT COURT

4                                   DISTRICT OF NEVADA

5      RENARD TRUMAN POLK,                        Case No 3:24-cv-00081-ART-CLB

6                          Petitioner,            ORDER

7              v.

8      STEVEN B. WOLFSON, *et al.*,

9                          Respondents.

10            Petitioner Renard Truman Polk has filed a *pro se* Petition for Writ of Habeas

11     Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on

12     Polk's Response (ECF No. 13) to the Order to Show Cause (ECF No. 12) why his

13     matter should not be dismissed as untimely.

14                                     **BACKGROUND**

15            Polk challenges a conviction and sentence imposed by the Eighth Judicial

16     District Court for Washoe County ("state court"). *State of Nevada v. Polk*, Case

17     No. 00C166490. On April 1, 2002, the state court entered a judgment of

18     conviction for one count of sexual assault on a minor under fourteen and

19     attempted sexual assault on a minor under fourteen and sentenced him to life

20     with the possibility of parole after 20 years.

21            Polk filed a direct appeal. On August 25, 2003, the Nevada Supreme Court

22     affirmed Polk's conviction. His conviction became final under federal law on

23     November 23, 2003, when the time expired for him to file a petition for writ of

24     certiorari with the Supreme Court of the United States. On July 1, 2004, Polk

25     filed a state petition for writ of habeas corpus ("state petition") seeking post-

26     conviction relief. On January 25, 2005, the Nevada appellate affirmed the state

27     court's dismissal and remittitur issued on February 23, 2005. On February 15,

28     2024, Polk filed his federal habeas petition in this action. ECF No. 1-1.

                                             1

**DISCUSSION**

1

2    The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a

3    one-year limitation period for state prisoners to file a federal habeas petition

4    pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days,

5    begins to run from the latest of four possible triggering dates, with the most

6    common being the date on which the petitioner's judgment of conviction became

7    final by either the conclusion of direct appellate review or the expiration of the

8    time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who

9    pursues a direct appeal, his conviction becomes final when the 90-day period for

10   filing a petition for certiorari in the United States Supreme Court expires after a

11   Nevada appellate court enters judgment or the Nevada Supreme Court denies

12   discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir.

13   2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

14   The AEDPA limitations period is tolled while a "properly filed" state post-

15   conviction proceeding or other collateral review is pending.    28 U.S.C.

16   § 2244(d)(2). However, no statutory tolling is allowed for the period of time

17   between finality of a direct appeal and the filing of a petition for post-conviction

18   relief or other collateral review in state court because no state court proceeding

19   is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.

20   1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally,

21   no statutory tolling is allowed for the period between the finality of a post-

22   conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

23   The show cause order explained that Polk's conviction became final after

24   the Nevada Supreme Court decided his direct appeal and the time expired for

25   filing a petition for writ of certiorari with the United States Supreme Court on

26   November 23, 2003. The federal statute of limitations began running the following

27   day. Polk timely filed his state petition on July 1, 2004, tolling the AEDPA clock.

28   As a result, 220 days elapsed between the finality of the judgment and the filing

1   of the state petition. The remaining 145 days of AEDPA limitations period were

2   statutorily tolled during the pendency of all proceedings related to the state

3   petition. Tolling ended on February 22, 2005, when the remittitur issued for the

4   order of affirmance by the Nevada appellate court. The AEDPA clock restarted the

5   following day and expired 145 days later on July 18, 2005. The federal petition

6   was filed on February 15, 2024.  Absent another basis for tolling or delayed

7   accrual, Polk filed his petition more than 18 years after the AEDPA limitations

8   period expired.

9          In his response to the order to show cause, Polk appears to assert that he

10  may avoid the application of the limitation period based on a claim of actual

11  innocence. The Court is inclined to appoint counsel, *sua sponte*, to represent Polk

12  finding it is in the interests of justice taking into account the lengthy sentence

13  structure and because the petition may raise relatively complex issues. Before

14  the Court appoints counsel, however, Polk will have 30 days from the date of

15  entry of this order to file an objection to the appointment of counsel to represent

16  him in this habeas matter. If Polk does not file an objection within 30 days from

17  the date of entry of this order, the Court will provisionally appoint the Federal

18  Public Defender as counsel to undertake direct representation of Diaz-Castro. If

19  the Federal Public Defender is unable to represent Polk, the Court will appoint

20  alternate counsel. The counsel appointed will represent Polk in all federal

21  proceedings related to this matter, including any appeals or certiorari

22  proceedings, unless allowed to withdraw.

23      **IT IS THEREFORE ORDERED:**

24      1. Petitioner Renard Truman Polk has 30 days to file an objection to the

25         appointment of counsel to represent him in all federal proceedings

26         related to this matter.

27      2. The Clerk of Court is directed to add Nevada Attorney General Aaron D.

28         Ford as counsel for Respondents and to provide Respondents an

1   electronic copy of all items previously filed in this case by regenerating

2   the notice of electronic filing to the Nevada Attorney General's office

3   only.

4   3. The Court will issue an order setting a briefing schedule following the

5   deadline for Polk to file an objection to the appointment of counsel. If

6   counsel is appointed, a deadline for the filing of an amended petition

7   and/or seeking other relief will be set after counsel has entered an

8   appearance. The Court anticipates a deadline of approximately 90 days

9   from entry of the formal order of appointment.

11   Dated this 25th day of October, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE