UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD TRUMAN POLK,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>STEVEN B. WOLFSON, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:24-cv-00081-ART-CLB<br><br>ORDER |

In this habeas action, the Court appointed counsel to represent Petitioner Renard Truman Polk (ECF No. 19). Respondents previously appeared (ECF No. 18), and counsel appeared for Petitioner on January 3, 2025 (ECF No. 20).

**IT IS THEREFORE ORDERED:**

1. The Federal Public Defender, through Kimberly Anne Sandberg, Esq., is appointed as counsel for Petitioner Renard Truman Polk under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. If necessary, Petitioner must file an amended petition for writ of habeas corpus within 60 days after entry of this Order. The amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If Petitioner determines that an amended petition need not be filed, then, within 60 days after entry of this Order, Petitioner must file a notice to that effect.

3. Respondents will have 60 days following the filing of the amended

petition to file an answer or other response to the amended petition. If Petitioner does not file an amended petition, Respondents will have 60 days following the due date for the amended petition to file an answer or other response to the original petition.

4. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

5. Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

6. Respondents must raise all procedural defenses, including exhaustion, in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart,* 406 F.3d 614, 623–24 (9th Cir. 2005).

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied,

without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply.

9. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any request for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state the location of the transcript in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply.

10. Respondents must file the state court exhibits relevant to their response in chronological order. All state court records, and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit 1 (ECF No. 10-1), Exhibit 2 (ECF No. 10-2), Exhibit 3 (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). The purpose of these requirements is to ensure

the Court and reviewing courts may determine the location of exhibits from the face of the electronic docket sheet.

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

Dated this 10th day of January 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE