UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD TRUMAN POLK,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>STEVEN B. WOLFSON, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:24-cv-00081-ART-CLB<br><br>**ORDER** |

**I.　SUMMARY**

In this habeas action, Petitioner Renard Truman Polk, through his counsel, filed an Unopposed Motion for Extension of Time to File an Amended Petition (First Request) ("Motion for Extension of Time" (ECF No. 25)). Polk additionally filed three *pro se* documents: (1) Application to Proceed *In Forma Pauperis* for Inmate ("IFP Application" (ECF No. 1)); (2) Motion for Sanctions Pursuant to Federal Rules Civil Procedure (FRCP) 11 ("Motion for Sanctions" (ECF No. 23)); and (3) Request to Place on Calendar ("Request to Place on Calendar" (ECF No. 24)). The Court grants the Motion for Extension of Time, denies the IFP Application as moot, and strikes the *pro se* Motion for Sanctions and Request to Place on Calendar.

**II.　DISCUSSION**

　　**A.　MOTION FOR EXTENSION OF TIME**

The Court finds Polk's Motion for Extension of Time (ECF No. 25) is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

　　**B.　IFP MOTION**

The Court denies Polk's pro se IFP Motion (ECF No. 1) as moot because he

paid the filing fee. *See* ECF No. 9.

### C. PRO SE DOCUMENTS

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Rule LR IA 11-6(a) of the Local Rules of Practice state in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney . . ..

LR IA 11-6. An "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id.*

Because counsel is appointed to represent Polk in this matter, Polk may not file motions and documents with the Court in this case. Such filings defeat the purposes of providing counsel to assist Polk, i.e., to provide for efficient, effective, and fair presentment of the issues related to the constitutionality of Polk's confinement under the state court's judgment of conviction.

Accordingly, the Court *sua sponte* strikes Polk's *pro se* Motion for Sanctions (ECF No. 23) and *pro se* Request to Place on Calendar (ECF No. 24).

## IV. CONCLUSION

It is therefore ordered that Polk's Unopposed Motion for Extension of Time to File an Amended Petition (First Request) (ECF No. 25) **is granted**. Polk's counsel has until **June 9, 2025**, to file an Amended Petition.

It is further ordered that Polk's Application to Proceed *In Forma Pauperis* for Inmate ("IFP Application" (ECF No. 1)) is denied as moot.

It is further ordered that the Clerk of Court is directed to strike from the Court's docket (1) the Motion for Sanctions Pursuant to Federal Rules Civil Procedure (FRCP) 11 (ECF No. 23); and (2) Request to Place on Calendar (ECF No. 24).

It is further ordered that the Clerk of Court is directed to reject all future

documents filed by Petitioner Renard Truman Polk for this case while he is represented by counsel.

Dated this 17th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE