**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RENARD TRUMAN POLK, | Case No. 3:24-cv-00081-ART-CLB |
| Petitioner, | |
| v. | **ORDER** |
| STEVEN B. WOLFSON, *et al.*, | |
| Respondents. | |

Petitioner Renard Truman Polk has filed a petition for writ of habeas corpus (ECF No. 1-1) and now requests a stay pending litigation in a related case. ECF No. 32. Also pending are Polk's appointed counsel's Motion to Withdraw as Attorney (ECF No. 33), Motion to Allow Supplement to Motion to Withdraw as Counsel (ECF No. 35), and Respondents' Motion for Court to Suspend or Reset Briefing Schedule (ECF No. 36).

## Background

Polk challenges a conviction and sentence imposed by the Eighth Judicial District Court for Washoe County ("state court"). On April 1, 2002, the state district court entered a judgment of conviction for one count of sexual assault on a minor under fourteen and attempted sexual assault on a minor under fourteen and sentenced him to life with the possibility of parole after 20 years.

Polk filed a direct appeal. On August 25, 2003, the Nevada Supreme Court affirmed Polk's conviction. His conviction became final under federal law on November 23, 2003, when the time expired for him to file a petition for writ of certiorari with the Supreme Court of the United States. On July 1, 2004, Polk filed a state petition for writ of habeas corpus ("state petition") seeking post-

1

conviction relief. On January 25, 2005, the Nevada appellate affirmed the state court's dismissal and remittitur issued on February 23, 2005.

On April 28, 2005, Polk filed a federal habeas petition and in June 2005, he filed an amended petition. The amended petition was dismissed on procedural grounds in January 2006. *See Polk v. Vare,* 3:05-cv-00252-RCJ-VPC. On February 15, 2024, Polk filed his federal habeas petition in this action. ECF No. 1-1. The Court issued an order to show cause as to why the petition shouldn't be dismissed as untimely. ECF No. 12. Following Polk's response, the Court appointed counsel and set a scheduling order, including a deadline to file an amended petition. ECF No. 19.

Polk now moves for a stay of the instant case to allow Polk to file a motion for relief from judgment pursuant to Rule 60(b)(6) in his related case, arguing that the petition should not have been dismissed on procedural grounds. ECF No. 32. In addition, Polk's appointed counsel requests an order permitting the Federal Public Defender to withdraw as counsel based on a conflict of interest. ECF No. 35.

**Discussion**

**A. Motion to Stay**

Polk requests a stay pending litigation in his related federal habeas case. ECF No. 32. He intends to file a Rule 60(b)(6) motion in his first federal habeas case that would affect the nature and substance of any amended petition in the instant case. Respondents do not oppose the request for stay. With good cause appearing, the Court grants Polk's request for a stay.

**B. Motion to Withdraw**

The Court appointed the Federal Public Defender to represent Polk in January 2025. In July 2025, Polk's counsel became aware that Polk filed a complaint in the Justice Court of Carson Township, Carson City, NV, naming

counsel as a defendant. Polk demanded $10,000 plus court costs and was based on counsel's unwillingness to file a pleading that she deemed to be legally unviable. In April 2026, counsel appeared as a defendant before Carson City Justice Court, was questioned by Polk, and the Justice Court Judge dismissed Polk's complaint with prejudice.

The Court finds good cause exists to grant counsel's motion to withdraw and grants the motion to supplement. The Court will appoint substitute counsel to represent Polk. Substitute counsel will have 30 days to undertake direct representation of Petitioner and will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. Substitute counsel must enter a notice of appearance in this matter and will have 60 days from the date of this order to enter a status report.

**C. Motion to Suspend or Reset Briefing Schedule**

Respondents move to suspend or reset the briefing schedule until the Court rules on the motion to stay and motion to withdraw. Because the Court has granted the motion to stay and motion to withdraw, Respondents' motion is denied as moot.

**Conclusion**

It is therefore ordered that Petitioner Renard Truman Polk's Motion to Stay Case (ECF No. 32) is granted.

It is further ordered that this action is STAYED pending litigation in Polk's related case.

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Motion to Withdraw (ECF No. 33) is

3

GRANTED, that the Federal Public Defender is withdrawn as counsel for Petitioner, and that substitute counsel shall be appointed for Petitioner.

It is further ordered that the Clerk of the Court is directed to send a copy of this order to the CJA coordinator for this division, who will locate substitute counsel for Petitioner.

It is further ordered that substitute counsel will have 30 days to undertake direct representation of Petitioner. Substitute counsel must enter a notice of appearance in this matter and will have 60 days from the date of this order to enter a status report.

It is further ordered that the Clerk of the Court is directed to send a copy of this order to Petitioner in proper person, Renard Truman Polk #72439, at the current inmate mail address for Northern Nevada Correctional Center.

It is further ordered that the Motion to Supplement (ECF No. 35) is granted.

It is further ordered that the Motion for Court to Suspend or Reset Briefing Schedule (ECF No. 36) is denied as moot.

DATED this 8th day of June, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4